## THE CHICAGO CITY RAILWAY COMPANY

### *v.*

### VINA ROSS HANDY.

*Opinion filed February 17, 1904.*

WITNESSES—*facts showing that witness is a partisan may be proven.* That an expert witness receives additional compensation and frequently testifies in damage cases for the defendant street railway company may be shown, as bearing upon the question of the weight and value of his testimony.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

WILLIAM J. HYNES, and EDWARD C. HIGGINS, (MASON B. STARRING, of counsel,) for appellant.

THEODORE G. CASE, and JOHN T. MURRAY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The judgment in the sum of $1000, entered in the superior court of Cook county in favor of the appellee, against the appellant company, as damages for personal injuries sustained by the appellee in consequence of the alleged negligence of one of the appellant's conductors, was, on appeal, affirmed by the Appellate Court for the First District. By a further appeal the record has been brought into this court for review.

The grounds urged for reversal are: "First, because of alleged improper remarks and comments made by counsel for appellee in the cross-examination of witnesses and in his argument to the jury; second, for the refusal to give instructions Nos. 15 and 16 requested by the appellant."

In the brief of counsel for the appellant it is urged that in the trial court counsel for the appellee made improper remarks and comments in the cross-examination of Mrs. Lilly Bond and Dr. Leeming, two witnesses introduced in behalf of the appellant company. It does not appear from the record that any objection was made to the trial judge as to the alleged misconduct of counsel during the cross-examination of Mrs. Bond, or that the attention of the court was in any way called thereto or any ruling asked or obtained. In the cross-examination of Dr. Leeming, after the witness had testified that he charged the appellant company $50 per day for his services as an expert witness, and that he had frequently rendered services for the company in other cases, he was asked, "How many times have you testified for the Chicago Union Traction Company in the last four or five years?" This was objected to "as incompetent and irrelevant in this case." The court sustained the objection, and after the witness had further stated that he had testified in six other cases in the last six months for the appellant company, and that he had rendered other ser-

vices for the appellant company than giving testimony, and had made other statements relative to his connection with the appellant company, he was asked: "Have you any idea how much money you have received from the Chicago City Railway Company within the last four or five years?" This was objected to by counsel for the defendant as immaterial in this case, and the following colloquy occurred between Mr. Case, attorney for appellee, and Mr. Brady, attorney for the appellant company, and the court:

Mr. Case: "I propose to show,—I don't mean to cast any reflections,—that he is virtually an employee of this company.

Mr. Brady: "Well, why don't you ask him the direct question?

Mr. Case: "Because you objected to it.

Mr. Brady: "Well, I don't object to this, your honor.

The court: "He stated how frequently he is there.

Mr. Brady: "Yes.

The court: "And what his charges are per day.

Mr. Brady: "Yes.

The court: "You can find out how often he is employed, and how long. I think that is the only material part here, Mr. Case.

Mr. Case: "I think I have about covered that. That is my impression."

The examination of the witness was concluded without further objection.

It is competent to show that a witness has charged or expects to receive greater compensation than the fees allowed by the statute, and that he is in the employ of one of the litigants regularly or frequently as an expert witness, or to prove facts and circumstances which would naturally create a bias in the mind of the witness for or against the cause of either of the litigants. Expert witnesses are often found to be necessary, and while there is no good reason that any one who has the requisite spe-

cial knowledge should not give testimony as an expert witness and receive greater compensation therefor than the fee allowed a witness by the statute, if the party calling him voluntarily consents to pay such greater compensation, still the fact that he receives such additional compensation may be very properly shown to the jury for their consideration when determining the weight and value of his testimony, and any fact which tends to show that he has the feelings of a partisan for the cause of one of the litigants or a bias against that of the other may be shown for the like reason. We are unable to see that the appellant company has any just cause of complaint of any ruling made by the court during the cross-examination of Dr. Leeming.

No objection was entered or any ruling of the court asked with reference to the alleged improper remarks of counsel for appellee during the course of his argument to the jury. We have frequently decided such complaints cannot be made for the first time in this court.

Twenty instructions were given in behalf of the appellant company, and the refusal to give instructions Nos. 15 and 16 might well be sustained on the ground that all contained in them proper to be given was but a repetition of that contained in other given instructions. The two instructions were not presented to the court within the time limited by the rules of the court for the presentation of instructions. Nor do we think the suggestion well advanced that the occasion for these instructions arose during the argument of counsel for the appellee.

The judgment must be and is affirmed.

*Judgment affirmed.*